**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mark Franklin, Jr.,

            Plaintiff,

v.

William Bolin, David Spets, and Daniel
Hickey,

            Defendants.

Case No. 25-cv-4330 (KMM/DJF)

**ORDER**

This matter is before the Court on Plaintiff Mark Franklin, Jr.'s Motion to Appoint Counsel ("Motion") (ECF No. 15). He argues that the Court should appoint counsel for him due to the complexity of his case and his limited access to legal and case management resources. (*See id.*) For the reasons given below, the Court denies the Motion but will refer Mr. Franklin to the *Pro Se* Project of the Minnesota Chapter of the Federal Bar Association for possible assistance.

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

Although the Court acknowledges Mr. Franklin's concerns regarding his ability to prosecute his case, the court finds appointment of counsel is unwarranted at this time. Despite his statements

to the contrary, neither the factual nor legal issues in this case are particularly complex.  Nor does Mr. Franklin lack the ability to investigate the facts or present his arguments to the Court, as he has demonstrated.  (*See* ECF Nos. 1, 15,16.)  While not all his motions were successful, Mr. Franklin presented his arguments with reasonable clarity and appropriate factual and legal support.  Moreover, Mr. Franklin's lack of resources is not alone sufficient to warrant the appointment of counsel, as his situation does not distinguish his case from the myriad of other claims brought by pro se litigants.  Therefore, the Court denies Mr. Franklin's motion for appointment of counsel.

However, the Court concludes volunteer legal assistance might be helpful in providing guidance to Mr. Franklin and will refer him to the Minnesota Chapter of the Federal Bar Association's *Pro Se* Project for possible volunteer assistance.  His participation in this program is voluntary.  If he elects to participate and a volunteer attorney is available, he might be able to talk about his case with a volunteer attorney who would consult with him about this case without charging him for the consultation.  The Court will provide this referral to Mr. Franklin, along with additional details about the *Pro Se* Project, in a separate letter.

**IT IS SO ORDERED.**

Dated: February 23, 2025

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge